**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RUBEN R. CRAIG III,<br><br>Plaintiff,<br><br>v.<br><br>BOOHER, *et al.*,<br><br>Defendants. | CIVIL ACTION NO. 3:26-cv-01519<br><br>(SAPORITO, J.) |

## ORDER

Plaintiff Ruben Craig claims that various officials at SCI-Benner Township and SCI-Smithfield violated his right to practice his religion while he was incarcerated at those prisons. *See* (Docs. 1, 5). After the claims in this case were screened pursuant to 28 U.S.C. § 1915A, defendants filed a motion to dismiss the complaint in full, or in the alternative, for summary judgment on some of Craig's claims. (Doc. 12).

Generally, when such a motion relies on matters outside of the pleadings, a court must evaluate it as a request for summary judgment under Federal Rule of Civil Procedure 56, advise the plaintiff accordingly, and provide a "reasonable opportunity to present all the material that is pertinent to the motion." *See* Fed. R. Civ. P. 12(d); *Saroza v. Lyons Doughty & Veldhuis, P.C.*, 773 F. App'x 665, 667 (3d Cir. 2019). In this

case, because defendants' request for partial summary judgment appears insufficient on its face, that request will be denied without prejudice.

The summary judgment request concerns Craig's alleged observance of Jewish holy days that require a dawn-to-dusk fast. Craig claims that on 11 "fast days" between March 21, 2024, and March 2, 2026, he was denied a "meal bag" he was supposed to receive immediately before the fast. He was therefore required to "go more than [24] hours without sustenance," which he views as an improper burden on his religious practice. *See* (Doc. 1, ¶¶ 177-195).

Defendants argue that Craig failed to fully exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). They attach the declaration of a grievance officer (Doc. 14-1), who reviewed Craig's grievance record and found that Craig properly exhausted grievances about three of the fast days; however, grievances from two other fast days were filed but not properly exhausted, and Craig failed to file any grievance at all about the other six fast days. Thus, defendants argue that they are entitled to summary judgment as to eight of the 11 fast days.

Defendants' motion rests on the assumption that Craig needed to

exhaust a separate grievance for each of these incidents. However, that argument does not account for the potential application of the continuing violation doctrine. Generally, the continuing violation doctrine is an equitable exception that can be invoked "when a defendant's conduct is part of a continuing practice." *See Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001) (quotation and citation omitted). In the context of the PLRA's exhaustion requirement, the doctrine may apply in two ways:

> [C]ourts have applied the continuing-violations doctrine to extend filing deadlines under the reasoning that where a violation is ongoing, the limitations period begins anew each day the violation continues. Second, courts have applied the continuing-violations doctrine . . . to treat events occurring after an inmate's grievance as nonetheless exhausted when the later-occurring events are part of the single continuing harm or course of conduct that the inmate grieved.

*Gibson v. SCI Coal Twp., Med. Dep't*, No. 1:22-CV-00618, 2026 WL 896220, at *15 (M.D. Pa. Mar. 31, 2026) (quoting *Sheltra v. Christensen*, 124 F.4th 1195, 1201 (9th Cir. 2024)) (citations omitted).

Craig's complaint plausibly suggests a "continuing practice" of denying his religious meal bags, and defendants' motion presents no

evidence or argument to the contrary.[1] Without prejudice to any future determination as to whether the doctrine applies to this case[2], Craig's failure to exhaust 11 separate grievances to contest the same issue or "course of conduct" would not itself compel summary judgment.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' request for partial summary judgment is **DENIED** without prejudice.

2. Craig is ordered to respond to the remainder of defendants' motion to dismiss (Doc. 12) by **December 15, 2026**. Because defendants' brief in support was mistakenly docketed as a motion (Doc. 13), the Clerk is **DIRECTED** to terminate that motion from the docket.

Dated: November 17, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge

---

[1] Although Craig attributes each of the alleged incidents to different "John Doe" defendants, that does not foreclose the possibility that a single defendant was responsible for all incidents or that multiple defendants participated in a single continuing practice.

[2] "Neither the United States Supreme Court nor the Third Circuit has addressed whether the continuing violation doctrine applies to exhaustion under the PLRA," but it has been applied by several other courts of appeals. *See Gibson*, 2026 WL 896220, at *15; *see, e.g.*, *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) (listing examples).